## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## CENTRAL DIVISION

**KEMONTA D. BISHOP**                                                      **PLAINTIFF**

**v.**                                **No: 4:20-cv-01179-BSM-PSH**

**KORTNEY KELLY[1]**                                                      **DEFENDANT**

### PROPOSED FINDINGS AND RECOMMENDATION

### INSTRUCTIONS

The following Recommendation has been sent to United States District Judge Brian S. Miller. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection, and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

### DISPOSITION

Plaintiff Kemonta D. Bishop filed a *pro se* complaint pursuant to 42 U.S.C. § 1983 on October 5, 2020, while incarcerated at the W.C. Brassell Adult Detention

---

[1] Bishop identified Kortney Kelly as the Sheriff of Jefferson County; he is not. The Clerk of Court is directed to remove this designation from the docket sheet.

Center in Jefferson County (Doc. No. 2).  For the reasons stated herein, Bishop's claims should be dismissed for failure to state a claim upon which relief may be granted.

## I.  Screening Standard

Before docketing the complaint, or as soon thereafter as practicable, the Court must review the complaint to identify cognizable claims or dismiss the complaint if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A.  Rule 8 of the Federal Rules of Civil Procedure requires only "a short and plain statement of the claim showing that the pleader is entitled to relief."  In *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 555 (2007), the Court stated, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.  . . .  Factual allegations must be enough to raise a right to relief above the speculative level," *citing* 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed. 2004).  A complaint must contain enough facts to state a claim to relief that is plausible on its face, not merely conceivable.  *Twombly* at 570.  However, a *pro se* plaintiff's allegations must be construed liberally.  *Burke v. North Dakota Dept. of Corr. & Rehab.*, 294 F.3d 1043, 1043-1044 (8th Cir.2002) (citations omitted).

## II. Analysis

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that the conduct of a defendant acting under color of state law deprived him of a right, privilege, or immunity secured by the United States Constitution or by federal law. 42 U.S.C. § 1983. Bishop asserts that defendant Kortney Kelly violated his rights by grabbing his genitals during a search on September 21, 2020.[2] Doc. No. 2 at 4. Bishop sues Kelly in his official and individual capacities and seeks unspecific injunctive relief. *Id.* at 2 & 5.

Bishop's official capacity claim is subject to dismissal. Official capacity claims are "functionally equivalent to a suit against the employing governmental entity." *Veach v. Bartels Lutheran Home*, 627 F.3d 1254, 1257 (8th Cir. 2010). Thus, a suit against the defendants in their official capacities is in essence a suit against the County or city itself. *See Murray v. Lene*, 595 F.3d 868 (8th Cir. 2010); *Liebe v. Norton*, 157 F.3d 574 (8th Cir. 1998). A municipality cannot be held liable on the basis of *respondeat superior*, or simply by virtue of being the employer of a

---

[2] Prison inmates are protected by the Fourth Amendment against unreasonable searches of their bodies. *See Levine v. Roebuck*, 550 F.3d 684, 687 (8th Cir. 2008). Body cavity searches may be used as a means of maintaining institutional security in prison facilities and are not necessarily unconstitutional. *See, e.g., Florence v. Board of Chosen Freeholders of County of Burlington*, 132 S. Ct. 1510 (2012); *Goff v. Nix*, 803 F.2d 358 (8th Cir. 1986). Such searches should not be conducted in a "in a degrading, humiliating or abusive fashion." *Story v. Foote*, 782 F.3d 968, 972-73 (8th Cir. 2015).

tortfeasor. *Atkinson v. City of Mountain View, Mo.*, 709 F.3d 1201 (8th Cir. 2013). Accordingly, the defendant county employee can only be held liable in his official capacity in this case if Bishop can establish that a constitutional violation was committed pursuant to "an official custom, policy, or practice of the governmental entity." *Moyle v. Anderson*, 571 F.3d 814, 817 (8th Cir. 2009). Bishop complains that Kortney grabbed his genitals during a search; he does not assert that a custom or policy of Jefferson County was the moving force behind that action. Accordingly, Bishop's official capacity claim should be dismissed.

Bishop's individual capacity claim is also subject to dismissal because Bishop only seeks injunctive relief. Specifically, Bishop's claim for relief states: "I need something done as soon as possible. Everytime [defendant] come in he always harassing me and they steady let him come around me." Doc. No. 2 at 5. The PLRA requires that injunctions with respect to prison conditions be narrowly tailored.[3] *See*

---

[3] The PLRA states:

Prospective relief in any civil action with respect to prison conditions shall extend no further than necessary to correct the violation of any Federal right of a particular plaintiff or plaintiffs. The court shall not grant or approve any prospective relief unless the court finds that such relief is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the federal right. *The court shall give substantial weight to any adverse impact on public safety or the operation of a criminal justice system caused by the relief.*

18 U.S.C. § 3626(a)(1) (emphasis added). *See also Tyler v. Murphy,* 135 F.3d 594, 596 (8th Cir. 1998) ("Section 802 of the PLRA amended 18 U.S.C. § 3626 to further restrict

18 U.S.C. § 3626(a)(1).  Because Bishop does not seek narrowly tailored relief to correct the alleged violation of his rights, he fails to state a claim for injunctive relief. Furthermore, a plaintiff may only obtain injunctive relief if he would suffer a "certainly impending" injury without it.  *See City of Los Angeles v. Lyons,* 461 U.S. 95, 101–02 (1983); *Buckley v. Ray*, 848 F.3d 855, 867 n. 10 (8th Cir. 2017).  Bishop has not stated any facts to indicate that he will suffer impending injury from Kelly if he does not receive injunctive relief.

### III.  Conclusion

For the reasons stated herein, it is recommended that:

1.      Bishop's complaint be dismissed without prejudice for failure to state a claim upon which relief may be granted.

2.      Dismissal of this action count as a "strike" within the meaning of 28 U.S.C. § 1915(g).

3.      The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from the order adopting this recommendation and accompanying judgment would not be taken in good faith.

IT IS SO RECOMMENDED this 13th day of October, 2020.

_____
UNITED STATES MAGISTRATE JUDGE

the power of federal courts to manage prison conditions through injunctive orders and consent decrees.").